UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME TELLIS,

    Petitioner,

  v.

NICK LUDWICK,

    Respondent.
_____/

CASE NO. 2:09-CV-11530
JUDGE NANCY G. EDMUNDS
MAGISTRATE JUDGE PAUL J. KOMIVES

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.    REPORT:

A.    *Procedural History*

    1.    Petitioner Jerome Tellis is a state prisoner, currently confined at the Mid-Michigan Correctional Facility in St. Louis, Michigan.

    2.    On April 27, 2007, petitioner was convicted of carrying a concealed weapon, MICH. COMP. LAWS § 750.227, pursuant to his guilty plea in the Wayne County Circuit Court. On October 20, 2007, he was sentenced to a term of 3-5 years' imprisonment.

    3.    Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals raising the following claims:

    I.    MR. TELLIS' PLEA WAS NOT VOLUNTARILY, UNDERSTANDINGLY, INTELLIGENTLY MADE, AS HE WAS MIS-ADVISED OF THE CONSEQUENCES, WHICH RENDER THE PLEA ILLUSORY IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTION.

II. MR. TELLIS' TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL, AT SENTENCING UNDER THE STATE AND FEDERAL CONSTITUTION WHEN HE FAILED TO OBJECT TO THE SCORING OF PRV 1 AND 2.

The court of appeals denied petitioner's application for leave to appeal in a standard order, "for lack of merit in the grounds presented." *People v. Tellis*, No. 287764 (Mich. Ct. App. Nov. 7, 2008).

4. Petitioner, proceeding *pro se*, sought leave to appeal these issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Tellis*, 483 Mich. 896, 760 N.W.2d 474 (2009).

5. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on April 23, 2009. As grounds for the writ of habeas corpus, he raises the two claims that he raised in the state courts.

6. Respondent filed his answer on October 16, 2009. He contends that petitioner's claims are without merit.

B. *Factual Background Underlying Petitioner's Conviction*

Petitioner's conviction arises from a traffic stop, in which he was searched and discovered to be in possession of a firearm. Following an evidentiary hearing at the conclusion of which petitioner's motion to suppress the fruits of the search was denied, petitioner entered a plea of guilty to the charge of carrying a concealed weapon (CCW). Petitioner was originally charged with CCW, felon in possession of a firearm, and possession of a firearm during the commission of a felony. In discussing the charges prior to the plea, the prosecutor noted that the felony-firearm offense was a second offense, subjecting petitioner to a mandatory consecutive term of five years imprisonment, and that petitioner had "an extensive criminal record, which would increase his guidelines." Evid. Hr'g/Plea Tr., at 33. The prosecutor indicated that if petitioner were convicted after trial, her

preliminary estimate was that petitioner would "probably do five for the felony firearm and probably one to five on the other two." *Id*. at 34-35. Defense counsel indicated that he thought that assessment was accurate. *See id*. at 35. After discussing the matter with counsel, petitioner executed a plea agreement.

The court read to petitioner the charges against him, and the maximum sentences on each of the counts. *See id*. at 37. Under the agreement, the court explained, the prosecution agreed to dismiss the felon in possession and the felony firearm counts, as well as the habitual offender notice, in exchange for petitioner's plea to the CCW charge, with a sentence agreement of 3-5 years. *See id*. at 37-38. Petitioner indicated that he understood the agreement, and denied that there had been any other promises made to him to induce his plea. *See id*. at 38. The court then explained to petitioner the rights he was giving up by pleading guilty, and petitioner indicated that he understood his rights and that he was waiving them by pleading guilty. *See id*. at 38-39. Petitioner denied that any threats or promises had been made, and indicated that it was his own decision to plead guilty. *See id*. at 39. The prosecutor then questioned petitioner, eliciting a factual basis for the plea. *See id*. at 39-40. The court accepted petitioner's plea as freely and voluntarily entered.

C. *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect

3

to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by

4

the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.  *Voluntariness of Plea/Ineffective Assistance at Plea*

Petitioner contends that his plea was involuntary because the prosecutor and his trial counsel grossly exaggerated the penalty he was facing if convicted after trial, thus grossly exaggerating the benefit of his guilty plea and rendering the bargain illusory. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

5

1. *Clearly Established Law*

A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. *See Brady v. United States*, 397 U.S. 742, 748-49 (1970); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). The Constitution requires, for a plea to be valid, that the defendant be informed of all direct consequences of his plea. *See Brady*, 397 U.S. at 755; *King*, 17 F.3d at 153. A solemn declaration of guilt by the defendant carries a presumption of truthfulness. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. Where the defendant "was fully aware of the likely consequences when he pleaded guilty[,] it is not unfair to expect him to live with those consequences[.]" *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). Thus,

> [i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence--because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange.

*Id.* at 508 (footnotes omitted).

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687. These two components are mixed questions of law and fact. *See id.* at 698. Further, "[t]here is no reason

for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. Where, as here, a petitioner challenges counsel's effectiveness with respect to a guilty plea, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also*, *O'Hara*, 24 F.3d at 828. However, with respect to the prejudice prong it is not enough for petitioner to merely allege that he would have insisted on going to trial had counsel properly advised him. As other judges of this Court have explained:

> In the guilty plea context the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Furthermore, this

7

> determination depends in large part on a prediction of what the outcome of a trial might have been. *Id*. at 58-60, 106 S.Ct. 366; *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir.1994). In other words, the petitioner must show that, but for counsel's errors, he would not have pleaded guilty, because there would have been at least a reasonable chance he would have been acquitted. If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him. A petitioner's conclusory allegation that, but for an alleged attorney act or omission, he would not have pleaded guilty is not enough to prove such a claim. Petitioner must show that there is a reasonable probability that the result of the proceeding would have been different. It is not sufficient to show that, but for counsel's alleged errors he would have been convicted after a trial instead of after entering a guilty plea.

*Garrison v. Elo*, 156 F. Supp 2d 815, 829 (E.D. Mich. 2001) (O'Meara, J.); *see also*, *Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 655 (E.D. Mich. 2002) (Friedman, J.) (same); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 587 (E.D. Mich. 2001) (Hood, J.) ("If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him.").

2. *Analysis*

Petitioner does not contend that he was coerced into pleading guilty or that the decision was not his own, nor could he given that he stated at the plea hearing that he had not been threatened or coerced into pleading guilty. *See Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). Likewise, petitioner does not contend, nor could he, that he did not receive sufficient explanation of various things required to make his plea voluntary. The Supreme Court cases discussing the validity of guilty pleas under the Due Process Clause establish three things of which a defendant must be informed before a guilty plea is knowing and voluntary: (1) the

actual charge against the defendant, *see Bousley v. United States*, 523 U.S. 614, 618 (1998); (2) the direct consequences of the plea, *see Mabry*, 467 U.S. at 509; and (3) the rights that the defendant is waiving by pleading guilty, *see Henderson*, 426 U.S. at 645 n.13. The plea transcript clearly reflects that the trial court adequately informed petitioner of the charges against him, the consequences of his plea, and the rights he was waiving by pleading no contest.

Rather, petitioner contends that his plea was based on misadvice from the prosecutor and his defense counsel on the likely sentence if he were convicted after trial, and that the plea bargain was illusory. This claim is without merit. With respect to counsel's or the prosecutor's assessment of the plea, contrary to petitioner's argument they did not suggest that he would likely face the maximum penalty on each of the three counts, subjecting him to a potential 30 year sentence. Rather, the prosecutor indicated that petitioner would likely face a single term of 1-5 years' imprisonment on the CCW and felon in possession charges, plus a mandatory consecutive five year term on the felony-firearm count. Even if petitioner's ultimate sentence upon conviction after a trial would have been different, this does not render petitioner's plea invalid. as the Supreme Court has explained:

> Questions like these cannot be answered with certitude; yet a decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be. Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.
> That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing.

*McMann v. Richardson*, 397 U.S. 759, 770 (1970). Thus, counsel's allegedly erroneous advice regarding petitioner's likely sentence does not provide a basis for habeas relief. *See Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993). Further, a guilty plea is not "compelled and invalid

under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." *Brady v. United States*, 397 U.S. 742, 751 (1970).

Nor can petitioner show that his plea bargain was illusory. Petitioner does not dispute that he had a prior conviction for felony firearm. Thus, upon conviction of a second felony-firearm charge, petitioner was subject to a mandatory sentence of five years' imprisonment, *see* MICH. COMP. LAWS § 750.227b(1), which was required by law to be consecutive to any other term of imprisonment imposed, *see id.* § 750.227b(2). Thus, if petitioner were convicted after trial on all three charges, a virtually certainty in light of the fact that the firearm was found on his person, he faced a bare minimum of five years' imprisonment, and likely another 1-5 years on top of that. By pleading guilty, petitioner received a substantial benefit, becoming eligible for parole after three years and limited to serving no more than the five years which would have been the absolute minimum had he been convicted at trial. Thus, petitioner received a substantial benefit by pleading guilty, and his plea was not involuntary for being based on an illusory bargain. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.  *Ineffective Assistance at Sentencing*

Petitioner also contends that trial counsel was ineffective at sentence for failing to object to court's scoring of two prior offense variables in the calculation of the sentencing guidelines. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

Regardless of whether the trial court correctly scored petitioner's sentencing guidelines, and therefore regardless of whether counsel should have objected, petitioner cannot show that he was

prejudiced because he agreed to the precise term of imprisonment to which he was sentenced. *Compare* Evid. Hr'g/Plea Tr., at 37-38, *with* Sentence Tr., at 7. Because petitioner agreed to a particular sentence as part of his plea agreement, any scoring of the guidelines was irrelevant to petitioner's sentence and any deficient performance on the part of counsel in failing to object did not impact petitioner's sentence. *Cf. United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005) (alleged *Booker* error in court scoring sentencing guidelines was irrelevant where defendant agreed to specific sentence, and thus his sentence arose from the plea itself and not the guidelines); *Dorie v. Phillips*, No. 1:07-cv-1195, 2010 WL 1258234, at *7 (W.D. Mich. Mar. 8, 2010) (where petitioner agreed to applicable guideline range as part of plea agreement, counsel was not ineffective in failing to object to scoring of the guidelines), *magistrate's report adopted*, 2010 WL 1258233 (W.D. Mich. Mar. 30, 2010). Thus, petitioner is not entitled to habeas relief on this claim.

F.  *Recommendation Regarding Certificate of Appealability*

   1.  *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a

"substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2. *Analysis*

Here, if the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability. As explained above, the transcript of the plea hearing shows that petitioner's plea was knowing and voluntary, and petitioner received a substantial benefit–the withdrawal of a charge carrying a mandatory consecutive prison term equal to the maximum petitioner could serve under the plea agreement–in exchange for his plea. Thus, the Court's rejection of petitioner's claims that the plea was involuntary and based on an illusory agreement is not reasonably debatable. Further, because petitioner agreed to a specific sentence, rendering the guidelines scoring irrelevant, the resolution of petitioner's sentencing related ineffective assistance of counsel claim is not reasonably debatable. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

G. *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*,

13

932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 6/11/10

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on June 11, 2010.
>
> s/Eddrey Butts
> Case Manager